IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEBA COWSETTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2430-L |
| | § | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | § § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Federal National Mortgage Association ("Fannie Mae" or "Defendant") filed a Motion to Compel Arbitration, *see* Dkt. No. 6, which United States District Judge Sam A. Lindsay referred to the undersigned United States magistrate judge for findings and recommendation, *see* Dkt. No. 8. Plaintiff Sheba Cowsette failed to file a response, and the time to do so has passed. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff filed this lawsuit against her former employer, Defendant Fannie Mae, on August 22, 2016, alleging racial discrimination and retaliation under Title VII and Section 1981 of the Civil Rights Act and the Texas Labor Code, violations of the Family Medical Leave Act, and for overtime compensation under both the Fair Labor Standards Act and Texas Labor Code. *See* Dkt. No. 1.

Defendant filed a Motion to Compel Arbitration on September 21, 2016. The

motion is based on an arbitration agreement between Defendant and its employees. Defendant asks the Court to compel arbitration between the parties in this case and to stay this judicial proceeding so that the arbitration may take place. *See* Dkt. No. 6.

## Legal Standards and Analysis

The Federal Arbitration Act ("FAA") "embodies the national policy favoring arbitration." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). The FAA "provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (citing 9 U.S.C. §§ 3 & 4). The arbitration agreement at issue here specifically invokes the FAA. *See* Dkt. No. 7 at 11.

Courts in the Fifth Circuit employ a two-step inquiry when deciding a motion to compel arbitration under the FAA. *See Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). The first step is to determine whether the parties agreed to arbitrate the dispute at issue. *See Webb v. Instacorp., Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (per curiam). The second step is to determine whether any legal restraints external to the agreement foreclose arbitration of the dispute. *See OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445-46 (5th Cir. 2001) (per curiam). Given the federal policy favoring arbitration, the Court's task is narrowly circumscribed. *See Singh v. Choice Hotels Int'l, Inc.*, No. 3:07-cv-0378-D, 2007 WL

2012432, at *2 (N.D. Tex. July 11, 2007). On a finding that these two steps are satisfied, the Court must stay proceedings to allow for arbitration "in accordance with the terms of the agreement." 9 U.S.C. § 3.

The Court's determination of whether the parties agreed to arbitrate the dispute at issue requires consideration of whether a valid agreement to arbitrate exists among the parties and whether the dispute is within the scope of the arbitration agreement. *See Webb*, 89 F.3d at 258. Defendant contends the parties' disputes are covered by an arbitration agreement between Fannie Mae and its employees.

On January 21, 2015, Defendant updated its existing arbitration program (the "2015 Agreement"). *See* Dkt. No. 7 at 5, 6-11. The 2015 Agreement provided for "final and binding arbitration of employment related disputes" between Fannie May and its employees and mutual waiver of any rights to a trial before a judge or jury in federal, state, or local court in favor of final and binding arbitration. *Id.* at 6. The 2015 Agreement had an effective date of April 20, 2015. *See id.* at 6. Any claims asserted by either party before the effective date were governed by the Dispute Resolution Policy dated March 16, 1998, which was replaced by the 2015 Agreement. *See id.*

Current employees who received the 2015 Agreement and continued to be employed by Fannie Mae after the effective date were required to accept the agreement as a condition of employment. *See id.* ("[B]y continuing to work for Fannie Mae and being employed by Fannie Mae on [the effective date], you accept this Agreement, which is a condition of employment."). Fannie Mae emailed a copy of the 2015

Agreement to all employees on January 22, 2015. *See id.* at 3, 5. The email explained key changes to the arbitration program, which included that, "[u]nder our current program, arbitration is mandatory and the parties must arbitrate as a prerequisite to going to court. Under the new arbitration program, arbitration will continue to be mandatory and the result will be final and binding on the employee and Fannie Mae." *Id.*

Arbitration is a matter of contract. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). In determining whether a valid arbitration agreement exists, the court must look to the state law governing formation of contracts. *See id.* at 944. Under Texas law, either party in an at-will employment relationship may modify the terms of the relationship as a condition of continued employment. *See Jones v. Fujitsu Network Commc'ns, Inc.*, 81 F. Supp. 2d 688, 691 (N.D. Tex. 1999) (citing *Hathaway v. General Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986)). When an employer notifies an employee of such a modification, the employee must either accept the new terms or quit. *See Hathaway*, 711 S.W.2d at 229. An employee who continues working with knowledge of the change is deemed to have accepted the modification. *See Quinn v. EMC Corp.*, 109 F. Supp. 2d 681, 687 (S.D. Tex. 2000); *Hathaway*, 711 S.W.2d at 229.

Here, Defendant emailed a copy of the 2015 Agreement to Plaintiff, a current employee, on January 22, 2015, and, on January 26, 2015, Plaintiff certified that she had received it. *See* Dkt. No. 7 at 3-4, 12-13. According to her complaint, Plaintiff

continued to work for Defendant after the effective date of the 2015 Agreement until she subsequently was terminated. *See* Dkt. No. 1 at 3. Because Plaintiff had notice that the terms of her employment would be modified by the 2015 Arbitration Agreement, certified that she had received the agreement, and continued to work for Defendant after the agreement's effective date, Plaintiff accepted and is bound by the agreement to arbitrate employment disputes.

The 2015 Agreement covers "any and all controversies, disputes, and/or claims asserted after the Effective Date that directly or indirectly arise out of, or relate to, your employment, terms or conditions of employment, or termination of employment, whether based on federal, state, and/or local laws ("Covered Claims")." Dkt. No. 7 at 6. The agreement expressly excludes claims brought under the Employment Retirement Income Security Act ("ERISA") and claims that have been specifically excluded by statute from pre-dispute arbitration agreements. *See id.* at 6-7.

Arbitration clauses using the terms "arise out of" or "relate to" are construed broadly. *See Penzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1988). They "are not limited to claims that literally 'arise under the contract,' but rather embrace all disputes between the parties having a significant relationship to the contract regardless of the label attached to the dispute." *Id.* (citations omitted).

Plaintiff asserted her claims after the April 20, 2015 effective date and alleges that she was subjected to harassment in the workplace and disparate treatment in compensation, payroll practices, and termination. *See* Dkt. No. 1. Because Plaintiff's

claims are all connected to or relate back to Plaintiff's employment relationship with Defendant or the termination of her employment, they are within the scope of the 2015 Arbitration Agreement.

Accordingly, because there is a valid arbitration agreement between Plaintiff and Defendant and Plaintiff's claims are within the scope of that agreement, the undersigned concludes that Defendant can compel arbitration of Plaintiff's claims.

Defendant asks the court to stay this proceeding pending the completion of the arbitration. Section 3 of the FAA requires the Court to stay its proceedings on claims that are subject to arbitration. *See* 9 U.S.C. § 3. However, "if all the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate." *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir.1999).

Here, because "all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose." *Id.* (internal quotation marks omitted). "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (internal quotation marks omitted) (citing 9 U.S.C. §§ 9-12).

Accordingly, the undersigned recommends that this case be dismissed.

### Recommendation

Defendant Federal National Mortgage Association's Motion to Compel

Arbitration [Dkt. No. 6] should be granted. The parties should arbitrate Plaintiff Sheba Cowsette's claims against Defendant Federal National Mortgage Association pursuant to the 2015 Arbitration Agreement, and this action should be dismissed without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 27, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE